# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,           Criminal No. 11-113 (RHK/AJB)

       Plaintiff,                         **ORDER**

v.

DELMARCUS DEANTE JOHNSON,

       Defendant.

---

The above-entitled matter came on before the undersigned upon the Defendant's Motion to withdraw his guilty plea. Upon all of the files, records and proceedings herein, including a review of the transcript of the January 26, 2012, Change of Plea Hearing, Defendant's Motion to withdraw his guilty plea will be denied.

Defendant claims he should be allowed to withdraw his guilty plea because the Government does not have jurisdiction over the offense to which he has pled guilty, Possession of Child Pornography. He claims that the videotape he possessed which contained images of his 17-year-old girlfriend and him engaging in sexual acts, cannot be regulated by Congress and is therefore not in violation of 18 U.S.C. 2252(a)(4)(B). Specifically, the Defendant claims that the Government cannot prove that the offense with which he was charged and to which he entered a guilty plea affects interstate commerce.

To convict the Defendant under § 2252(a)(4)(B), one of the elements the Government must prove is that child pornography possessed by the Defendant had been transported in interstate commerce, or was produced using materials that traveled in interstate commerce. United States v. Koch, 625 F.3d 470, 479 (8th Cir. 2010). The Court determines that the Government satisfied the interstate commerce element here. First, the plea agreement that the

Defendant signed and agreed to specifically states that the materials used to produce the child pornography he is charged with possessing were produced and stored on "materials that had been mailed shipped or transported in interstate commerce." Plea Agreement, ¶ 2.  Second, the Government advised the Court that it had sufficient admissible evidence to support a conviction to the charge in the Indictment.  Plea Transcript, 36.  Finally, the Defendant in his sworn plea admitted that the images he possessed were produced using materials transported in interstate commerce.  Plea Transcript, 30.  Such evidence satisfies the jurisdictional requirement of 18 U.S.C. § 2252.

Defendant also claims that his guilty plea should be withdrawn due to ineffective assistance of counsel.  However, the Defendant represents himself in this matter, choosing to proceed *pro se* after being strongly warned of the perils of proceeding in such a manner.[1]  A defendant has the right to be represented by counsel, see Gideon v. Wainwright, 372 U.S. 335, 344 (1963), or to represent himself, see Faretta v. California, 422 U.S. 806, 807 (1975), but a defendant does not have a "constitutional right to hybrid representation; it is available at the district court's discretion." United States v. Einfeldt, 138 F.3d 373, 378 (8th Cir. 1998).  This Court has not authorized hybrid representation in this matter.  Because the Defendant was his own counsel, his stand-by counsel could not have been ineffective and his claim in this regard is denied.

Finally, Rule 11(d)(2)(B) provides that a Defendant may withdraw a plea of guilty only if "the defendant can show a fair and just reason for requesting its withdrawal."  A review of the

---

[1] On October 13, 2011, at the motions hearing held before Magistrate Judge Boylan, the Defendant's Motion to proceed *pro se* was granted after extensive inquiry.  Defendant's counsel up to that date, Richard Virnig, was appointed stand-by counsel.

entire record, including a transcript of the January 26, 2012 Change of Plea hearing before the Court, demonstrates that Defendant has failed to make such a showing.

Based on the foregoing, and on all the files, records and proceedings herein, **IT IS ORDERED**:

1. Defendant's Motion to Schedule a Status Conference (Doc. No. 78) is **DENIED**;

2. Defendant's Motion to Withdraw Guilty Plea (Doc. No. 80) is **DENIED**;

3. Defendant's Continuing Motion to Withdraw Guilty Plea (Doc. No. 83) is **DENIED**;

4. Defendant's Second Continuing Motion to Withdraw Guilty Plea (Doc. No. 84) is **DENIED**; and

5. Defendant's Third Continuing Motion to Withdraw Plea (Doc. No. 85) is **DENIED**.

Dated: May 21, 2012

                                                s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge